SMITH EIBELER, LLC
Robert W. Smith, Esq.
101 Crawfords Corner Road, Suite 1-126
Holmdel, NJ 07733
Tel: (732) 935-7246
Fax: (732) 444-1096
Email: rsmith@smitheibeler.com

CHESTNUT CAMBRONNE PA
Byran L. Bleichner, Esq.*
Philip J. Krzeski, Esq.*
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Tel: (612) 339-7300
Fax: (612) 336-2940
Email: bbleichner@chestnutcambronne.com
Email: pkrzeski@chestnutcambronne.com

**\* Pro Hac Vice Application Forthcoming**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAYCE KLEEHAMER, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG ELECTRONICS CO., LTD.,<br><br>     Defendant. | Case No. 2:22-cv-6312<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT - CLASS ACTION</u>

Plaintiff Kayce Kleehamer ("Plaintiff"), individually and on behalf of all others similarly

situated, hereby files this class action complaint against Samsung Electronics America, Inc. and

1

Samsung Electronics Co., Ltd. (collectively, "Samsung" or "Defendants") and alleges upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1.      Plaintiff brings this action against Defendants on behalf of individuals who purchased a defective Samsung electric or gas ranges with front-mounted burner control knobs that purportedly must be depressed and turned in order to activate the heating element of the range.

2.      Defendants' Samsung Ranges suffer from an inherent defect that allows Samsung Ranges to be turned on, despite the burner control knobs not being depressed and turned, as instructions in Defendants' user manual and international standards required. Accordingly, as Defendants admit, the Samsung Ranges can be "accidentally turned on cooktop easily," causing substantial risk of injury to property and person.

3.      The defective condition of the Samsung Ranges is the result of the low detent (catch that prevents motion until released) force and tiny distance the burner control knobs need to travel to be turned to the "on" position, which is inadequate to prevent unintentional activation. In other words, the ease with which the knobs can be rotated without resistance fails to prevent the cooktop from being turned on inadvertently (the "Defect").

4.      The Defect renders the Samsung Ranges unsafe and unsuitable for personal and household use. The Defect has already caused a number of injuries and property damage, resulting from the inadvertent activation of the Samsung Ranges.

5.      Samsung is aware of the Defect and has continued to market, distribute, and retail the Samsung Ranges. Consumers have filed numerous incident reports about the Defect with the U.S. Consumer Product Safety Commission (the "CPSC"), provided reviews detailing the problem

to Samsung and its authorized retailers, and filed complaints and warranty claims directly with Samsung. Indeed, Samsung has admitted the problem on its own website and instructed consumers to purchase third-party guards to prevent inadvertent activation of the Samsung Ranges.

6.      Samsung and its authorized agents and retailers have been unable or unwilling to repair the Defect or offer Plaintiff and Class members a non-defective Samsung Ranges or reimbursement.

7.      Samsung likely knew of the Defect prior to selling or placing the Samsung Ranges into the stream of commerce such that its failure to comply with these warranty obligations was willful.

8.      Plaintiff and Class members suffered economic injury as a result of purchasing the Samsung Ranges that have burners that repeatedly and unexpectedly turn on. Such dangerous Ranges do not work as warranted and reasonably expected and create the unacceptable risk of property damage and injury, rendering the Ranges less valuable than a product that complies with international standards. Samsung failed to remedy this harm, and Samsung earned and continues to earn substantial profits from selling defective Samsung Ranges.

## THE PARTIES

9.      Plaintiff Kayce Kleehamer is a Citizen of Ohio and intends to remain in Ohio for the duration of this litigation.

10.     Defendant Samsung Electronics Co., Ltd. is a South Korean multinational corporation located in Seoul, South Korea. Samsung Electronics Co., Ltd. designs, manufactures, and distributes the Samsung Ranges for sale in this jurisdiction. According to samsung.com, Samsung Electronics Co., Ltd.'s "North America Headquarters" is in Ridgefield Park, New Jersey.

11.    Defendant Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd. Samsung Electronics America, Inc. is a New York corporation with its headquarters in Ridgefield Park, New Jersey. Samsung Electronics America, Inc. warranties products designed, manufactured, and distributed by Samsung Electronics Co., Ltd., and it acts as Samsung Electronics Co., Ltd.'s agent in the processing of warranty claims related to defects in manufacturing or materials used by Samsung Electronics Co., Ltd. during the manufacturing process.

12.    Defendants are in the business of manufacturing, producing, distributing, and selling consumer appliances, including Samsung Ranges, to customers throughout the United States, both directly and through its network of authorized dealers.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees and costs and at least one Class member is a citizen of a state different from at least one Defendant.

14.    The Court has personal jurisdiction over Defendants because Defendants' corporate headquarters are located in this Jurisdiction and it regularly conducts business in this Jurisdiction.

15.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because substantial part of the events or omissions giving rise to the claims brought by Plaintiffs and the class have occurred in this District and Defendant transacts substantial business in this district.

## FACTUAL ALLEGATIONS

### A.  Plaintiff's Experiences

16. Plaintiff purchased Defendants' Bespoke A5 30 inch 6.3 electric range from Big Sandy Superstore (a regional furniture store located in Ohio) on October 1, 2022.

17. Plaintiff reviewed Defendants' marketing materials, including online promotional materials, before she purchased her Samsung Range.

18. On October 8, 2022, employees from Big Sandy Superstore installed the Samsung Range.

19. Within hours of the installation, the Samsung Range was turned on inadvertently (and without Plaintiff's knowledge or direction) causing her noodle board (which was placed on top of the stove top) to burn.

20. Plaintiff uses, and at all times has used, the Samsung Range in a normal and expected manner (*i.e.*, for normal household use) on a day-to-day basis.

21. Almost immediately, Plaintiff noted that the burners on her range would inadvertently activate without the knobs being depressed and turned. Indeed, there have been a number of instances where the middle burner would be accidentally turned on. This is extremely dangerous, as it would mean that the stove (or at least the gas) could turn on unknowingly, and at unexpected times.

**B. Defendants' Samsung Range**

22. Samsung markets, distributes, and warrants the Samsung Ranges throughout the United States. These kitchen Ranges combine an oven and a cooktop into one product. The Samsung Range are offered in several different models (including slide-in and free-standing models in gas, electric, induction, and dual fuel) with several different options (including different sizes and finishes). Despite the variance between the different offerings, each of the Samsung

Ranges uses the same mechanism to operate the stovetop burners: a collection of front mounted burner control knobs, which must be depressed and turned to activate.

23.     The use of this 'two-factor mechanism' for activating a burner (i.e. pushing in and turning on the knob) is not arbitrary. It is an important safety feature required by international standards. [1] Accordingly, any range of merchantable quality would require the same 'two-factor mechanism' for activating a burner.

24.     The User Manual for Samsung gas and electric Ranges provides similar instructions for activating the burners:[2]

### Lighting a gas surface burner

Make sure all surface burners are positioned and assembled properly.



1. Push in and turn the control knob to the LITE position. You will hear a "clicking" sound indicating the electronic ignition system is working properly.
2. After the surface burner lights, turn the control knob to adjust the power setting of the surface burner and turn off the electronic ignition system.

**Surface unit control knob**




Single                    Dual

1. Push the knob in.
2. Turn in either direction to the setting you want.
• Position A : Single burner
• Position B : Dual burner

---

[1] *See* Samsung's Website, at https://www.samsung.com/us/support/troubleshooting/TSG01203557/ (last visited: June 9, 2022).
[2] *See* Samsung User Manuals, available at https://downloadcenter.samsung.com/ content/UM/202103/20210308173903855/NX58H5_Series_AA_DG68-00526A-15_EN.pdf and https://downloadcenter.samsung.com/content/UM/202002/ 20200210164110180/NE59M4310_AA_DG68-00881A-03_EN-MES-CFR.pdf (last visited on July 15, 2022).

## C. The Defect in Defendants' Samsung Range

25.     Consumers reasonably expect that burners on any kitchen range can only be activated by intentional and deliberate action.  The natural corollary, is that a reasonable consumer would not expect that burner knobs could be turned with the application of slight accidental pressure.  This is particularly true of ranges that use the required 'push and turn' method of activation.

26.     The Samsung Ranges, however, do not meet these reasonable expectations.  Instead, the Samsung Ranges have burner knobs that will activate with the smallest application of rotational force, often without the knob being depressed.  Accordingly, the slightest bumps caused by individuals or pets brushing against the Samsung Ranges, can inadvertently activate the burners on the Ranges.  This problem is compounded by the fact that the burner knobs are located on the front of the Ranges, where they are likely to be accidentally touched.

27.     As a result of Defect, each knob on the Ranges activates a corresponding burner through a single smooth motion—a push motion with a twist—requiring minimal force and distance. This design is susceptible to unintentional activation rendering the Ranges dangerously defective.

28.     The process to activate a burner should and is intended to be the result of two separate and distinct purposeful actions: a first action (pushing the control knob in), followed by a second action (rotating the knob to the desired heating level).

29.     Because of the Defect, however, burners are turned on inadvertently at great peril to Plaintiff and Class members.

30.     Soon after the Samsung Ranges were released, consumers lodged complaints about their experiences with the Defect.  Hundreds of consumer complaints about the Defect were filed with Defendants and posted online.  Samsung continued to market and sell these Ranges without curing the Defect or disclosing its existence to consumers.

31.     For example, numerous public complaints can be found on the CPSC's website. These complaints demonstrate both the prevalence of the Defect and its existence across Samsung's product and model lines.   While these complaints are too numerous to list here, examples include:

> When one is cooking something or leaning against the stove, there is the potential to touch the control knobs and turn the range burners on. The control knobs are in the front of the stove and are super sensitive. The consumer has leaned against the stove while cooking or cleaning the range and unknowingly found the burners on. The consumer also had relatives in her home on different occasions, who boiled water and experienced the same problem. The oven also goes on if the stove is touched in that area. No one has been injured and the range does not appear to be included in a recall. [3]

> On 5 different occasion my range has turned on and started fires. First time it burnt the drying mat I had placed on the stove top. Second time it melted the items in a bag of groceries that I placed on top of the range. Third time on 7/22/21, it scorched a pan that was on top of the stove. Forth time on 9/9/21, there were flames coming from the back left area of the range top. Fifth time on 9/20/21 there were flames from a pizza that was on top of the range. The only damage that has happened so far is the flame marks on the wall that I have repainted over and the discoloration of the stove top. The knob are to sensitive and easily turned on by the slightest touch. My shirt touched the oven controls while cooking and turned the oven on. My kitten has been jumping on the stove and turning the knobs starting the fire. This oven is not safe to have . The last 2 fires have happened during the night and have been woken up to the smoke detectors going off. [4]

> The knobs on the stove turn on very easily and move if bumped when they are turned on. Control dashboard is very sensitive and things turn on at the slightest touch. Sometimes you have to unplug the oven to get it to shut

---

[3] A consumer complaint regarding Samsung Range, model no. NE58K9430SS lodged on 7/15/2020, report no. 20200715-A089D-1996159.

[4] A consumer complaint regarding Samsung Range, Model No. NE63T8111SG/AA lodged on 9/21/2021, Report No. 20210921-FFCEB-2147360442.

off due to malfunctioning control panel. We have had several things burn including fingers on the stove top due to burners coming on.[5]

The product is a Samsung electric range/oven slide-in model NE58K9430SS. Mine was manufactured in June 2017. I have had multiple issues with a new Samsung electric slide in range. The knobs, which control the stove top burners, do not need to be depressed and turned to activate the range top. Gently bumping into the burner knobs or digital screen activates and turns on heating elements. The burners have been accidentally and unknowingly been turned on by several people in our home which has resulted in injury and loss of property. Three incidents that stand out the most are listed. The first was a babysitter bumped the stove which turned the stove burner on high resulting in an object burning on the glass stove top. When smoke was smelled, the babysitter responded quickly and prevented a full kitchen fire. The second: I bumped a burner knob with my hip which resulted in the burner being turned on high heat, without my knowledge, ending with my finger being burned. The burner under the glass top was activated while my hand was resting on the glass top. The third: my dog touched the stove digital screen with his nose, in front of me, which then turned on the stove top "warmer" burner. I've had to keep my dog away from the stove so he doesn't accidentally turn on the heating elements. So far he has turned on the self-clean feature, the timer, and the glass top warming element. A simple search online has shown countless numbers of these incidents. Samsung should repair these burner knobs so that they must be pushed in and rotated to activate the burners, just like every other safe range.[6]

… The consumers left their home for 9 hours and when they returned, the front left burner was on the high setting and bright red. The consumer turned the (rotating) control knob to the "off position". It is unknow how it got turned on. They have experienced the same problem approximately 3 times in the past. One time, the consumer used the oven, but not the range burner. She placed the dish from the oven on the range top and within a few minutes, she heard a crackling sound. The dish from the oven was breaking, and it was the result of the range burner being on the "high" setting. The consumer said she did not use that burner that day.9/2021: The consumer called the manufacturer and reported this matter to their rep. (name unknown). The firm called the consumer back, but she was unable to take the call. She followed up with them and found that they had referred her to the Internet for replacement knobs. When the consumer viewed those knobs on the Internet, they were "baby knobs" and she does not want them. The consumer said she cannot keep this range/oven in light of the safety issue. The consumer said that in one of the past instances, someone walked past the knobs, but she is unsure if they may have

[5] A consumer complaint regarding Samsung Range, Model No. NE63T8111SS/AA lodged on 7/8/2021, Report No. 20210708-59A01-2147363041.
[6] A consumer complaint regarding Samsung Range, Model No. NE63T8111SS/AA lodged on 7/25/2019, Report No. 20190725-384AE-2147379672.

brushed against the knob or not. Overall, there have been 4 occurrences of this issue. [7]

…The knobs on the front of the stove are very sensitive. If anyone brushes against them, the burners comes on. The touch pad buttons so sensitive. If brush against it, oven has started self cleaning or goes. Had to shut breaker to shut oven off. If starts self cleaning goes on can only stop it by shutting breaker off. Oven goes on also if brush against control pad. Safety issue. P.C. Richard Service came 4/14/21 & said nothing they can do. It is design of the oven. … The consumer contacted the firm on 3/23 to tell them about the sensitivity of the knobs on the front of the stove.[8]

… the KNOBS ON THIS MODEL ARE VERY DANGEROUS, and a hazard with children, adults, the elderly and anyone wearing clothing around it/leaning over, brushing up, bumping, leaning, reaching, will turn on the knobs, click, click and twice I actually turned on the jets on 2 burners while reaching into the upper microwave!!!!...[9]

32.     Based on these complaints, it is clear that all of the Samsung Ranges are uniformly defective. The Defect renders Samsung Ranges unusable for their intended central purpose: safe cooking. Unintentional activation of the Range burners allows them to reach extreme temperatures or leak gas, creating a fire danger and risk of physical injury.

33.     The Samsung Ranges are inherently defective when they leave the manufacturer's warehouses. Consumers could not reasonably know about the Defect at the point of sale and could not discover the defect with a reasonable investigation at the time of purchase or delivery because a reasonable inspection by a consumer would not reveal whether the materials of the Samsung Ranges, the design of the Ranges, and/or the manufacturing processes related to the Ranges render them unsafe for normal and expected use.

**D. Samsung was Aware of the Defect and Did Not Fix or Repair It.**

---

[7] A consumer complaint regarding Samsung Range, Model No. NE58K9430SS lodged on 9/20/2021, Report No. 20210920-A6B84-3447919.
[8] A consumer complaint regarding Samsung Range, Model No. NE58K9430SS lodged on 3/24/2021, Report No. 20210324-4794C-3135681.
[9] A consumer complaint regarding Samsung Range, Model No. NX58M9420SS & NX58H9500WS lodged on 12/29/2018, Report No. 20181229-7152C-2147383509.

34. Defendants have had notice of the above Defect. Indeed, Defendants as the designer and manufacturer of the Samsung Ranges, knew or should have known about such a core portion of the functionality of their products. But, even if Defendants did not know about the Defect before marketing the Samsung Ranges, consumer complaints would have put Samsung on notice of the existence of the Defect.

35. As described above, numerous public complaints were forwarded to the CPSC and, in turn, to Defendants. Consumers submitted incident reports about the Defect to the CPSC as early as 2014. Additionally, Consumers have also submitted complaints about the Defect directly to Samsung via reviews posted to its website and complaints lodged through its warranty program.

36. Indeed, Samsung even posted on its website that it had knowledge of the Defect, the fact that its Samsung Ranges did not comply with international safety standards, and the dangers associated with Defect. In a webpage posted on Defendants' support website, Samsung concedes that the "Range knobs accidentally turn on cooktop too easily":

> Although our ranges and some of our cooktops come with a Child Lock feature, this will not prevent the knobs from turning on the cooktop. This can be particularly dangerous with gas cooktops. Although all knobs must be made this way to meet international standards, third party products are available to address this issue. [10]

37. Indeed, many Class Members have notified Defendants of this problem, but Defendants have not provided an adequate remedy. Despite clear notice of the Defect, Defendants have refused to fix the problem, provide consumers non-defective replacement Ranges, or refund any portion of the costs of the Ranges. Thus, Samsung has failed to cure the defect or replace

---

[10] *See* Samsung's Website, at
https://www.samsung.com/us/support/troubleshooting/TSG01203557/ (last visited on June 9, 2022).

Plaintiff's and the Class's Samsung Ranges with a non-defective Ranges and offer full compensation required under federal and state law.

**D. Injuries and Risk of Imminent Harm to Plaintiff and Class Members**

38.     Plaintiff and the other Class members purchased their Samsung Ranges solely for their personal, residential purposes and only used the Ranges as intended and in accordance with the operating instructions provided by Samsung.

39.     In light of the Defect, Plaintiff and other Class Members paid far more than the reasonable value of the Range, and would have paid substantially less, or not have purchased a Range at all, had Samsung adequately disclosed the Defect.

40.     Samsung has profited and continues to profit from the sale of defective Ranges by failing to disclose the above-described Defect and continuing to sell Ranges at prices well above their reasonable value.

41.     As a direct and proximate result of Samsung's false warranties, misrepresentations, and failure to disclose the Defect in these Ranges, Plaintiff and the Class have purchased the Ranges and have suffered injury as a result.

42.     As a direct and proximate result of Samsung's concealment of the Defect, its failure to warn its customers of the Defect and the safety risks posed by the Ranges, and its failure to remove the defective Ranges from consumers' homes or otherwise remedy the Defect, Plaintiff and the Class purchased Samsung's defective and unsafe Ranges and, in many cases, use them in their homes to this day. Had Plaintiff and the Class known of this serious safety risk, they would not have purchased the Ranges would have paid substantially less for their Ranges than they paid, and/or would have removed them from their homes as a result of the risk of unintentional activation.

**E. Estoppel from Pleadings and Tolling of Applicable Statute of Limitations.**

43.     Plaintiff and the members of the Class had no way of knowing about Defendants' conduct with respect to the risks associated with the use and non-use of the Samsung Range Defect.

44.     Neither Plaintiff nor any other members of the Class, through the exercise of reasonable care, could have discovered the conduct by Defendants alleged herein. Further, Plaintiff and Class members did not discover and did not know facts that would have caused a reasonable person to suspect that Defendant was engaged in the conduct alleged herein.

45.     For these reasons, all applicable statutes of limitation have been tolled by the discovery rule with respect to claims asserted by Plaintiff and the Class.

46.     Further, by failing to provide immediate notice of the risks associated with the Defect, Defendants concealed its conduct and the existence of the claims asserted herein from Plaintiff and the members of the Class.

47.     Upon information and belief, Defendants intended its acts to conceal the facts and claims from Plaintiff and members of the Class. Plaintiff and members of the Class were unaware of the facts alleged herein without any fault or lack of diligence on their part and could not have reasonably discovered Defendants' conduct. For this reason, any statute of limitations that otherwise may apply to claims of Plaintiff or members of the Class should be tolled.

48.     Once Plaintiff learned about the Defect, she promptly acted to preserve her rights, filing this action. Defendant is estopped from asserting any statute of limitation defense that might otherwise be applicable to the claims asserted herein.

## CLASS ACTION ALLEGATIONS

49.     Plaintiff brings this class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

All persons who, during the relevant statute of limitations, purchased one or more Samsung ranges from Defendant or its authorized retailer sellers (the "Nationwide Class").

Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

50. Plaintiff reserves the right to amend or modify the Class definition for a class certification motion, or with discovery or investigatory results. This lawsuit is properly brought as a class action for the following reasons.

51. Plaintiff reserves the right to amend the definition of the Classes if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

52. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Class Members are so numerous and geographically dispersed that joinder of all Class Members is impracticable. While the exact number of Class Members remains unknown at this time, upon information and belief, there are thousands, if not hundreds of thousands, of putative Class Members. Moreover, the number of members of the Classes may be ascertained from Defendants' records. Class Members may be notified of the pendency of this action by mail and/or electronic mail, which can be supplemented if deemed necessary or appropriate by the Court with published notice.

53. **Predominance of Common Questions of Law and Fact – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, the following: (a) whether Defendants' Samsung Ranges are defective; (b) whether Defendants' Samsung Ranges create an unreasonable safety risk; (c) whether Defendants failed to disclose material facts about the defect in its Samsung

Ranges and when Defendants learned of such material facts;(d) whether Defendants made any implied warranties in its sale of the Samsung Ranges; (e)whether Defendants breached any implied warranties relating to its sale of Samsung Ranges; (d) whether Samsung violated consumer protection laws by selling defective Samsung Ranges or by failing to disclose the defect; (e) the appropriate nature of class-wide equitable relief; and (f) the appropriate measure of restitution and damages to award to Plaintiff and to the Class.

54.     Pursuant to Rule 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the putative Classes, thereby making final injunctive or corresponding declaratory relief appropriate with respect to the putative Classes as a whole. In particular, Defendant has manufactured, marketed, advertised, and distributed a defective Samsung Range that causes harm and/or presents an immediate risk of substantial harm to Plaintiff and Class Members.

55.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of those of the absent Class Members in that Plaintiff and the Class Members each purchased and used the Samsung Range and its Defect and each sustained damages arising from Defendant's wrongful conduct, as alleged more fully herein. Plaintiff shares the aforementioned facts and legal claims or questions with putative members of the Classes, and Plaintiff and all members of the putative Classes have been similarly affected by Defendant's common course of conduct alleged herein. Plaintiff and all members of the putative Classes sustained monetary and economic injuries including, but not limited to, ascertainable loss arising out of Defendants' Samsung Range Defect.

56.     **Adequacy – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff will fairly and adequately represent and protect the interests of the members of the putative Classes. Plaintiff

has retained counsel with substantial experience in handling complex class action litigation, including complex questions that arise in this type of consumer protection litigation. Further, Plaintiff and her counsel are committed to the vigorous prosecution of this action. Plaintiff does not have any conflicts of interest or interests adverse to those of putative Classes.

57. **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a class action, Plaintiff and members of the Classes will continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated consumers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. Accordingly, the proposed Classes satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

58. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and all members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Classes as a whole.

59. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons: (a) the damages suffered by each individual members of the putative Classes do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct; (b) even if individual members of the Classes had the resources to pursue individual litigation, it would be unduly burdensome to the

courts in which the individual litigation would proceed; (c) the claims presented in this case predominate over any questions of law or fact affecting individual members of the Classes; (d) individual joinder of all members of the Classes is impracticable; (e) absent a Class, Plaintiff and members of the putative Classes will continue to suffer harm as a result of Defendant's unlawful conduct; and (d) this action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the putative Classes can seek redress for the harm caused by Defendants.

60.     In the alternative, the Classes may be certified for the following reasons: (a) the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendant; (b) adjudications of claims of the individual members of the Classes against Defendants would, as a practical matter, be dispositive of the interests of other members of the putative Classes who are not parties to the adjudication and may substantially impair or impede the ability of other putative Class members to protect their interests; and (c) Defendants have acted or refused to act on grounds generally applicable to the members of the putative Classes, thereby making appropriate final and injunctive relief with respect to the putative Classes as a whole.

## COUNT I
## BREACH OF IMPLIED WARRANTY
### (On Behalf of Plaintiff and Rule 23 Class)

61.     Plaintiff incorporates the above allegations by reference as if fully set forth below.

62.     Plaintiff asserts this count individually and for the proposed Class.

63.     Samsung and its authorized agents and retailers sold Samsung Ranges to Plaintiff and Class members in the regular course of business.

64. Samsung is aware that the Samsung Ranges will be purchased by the end consumer.

65. Samsung's authorized retailers act as Samsung's agent for purposes of its sale of the Samsung Ranges. That is that Samsung controlled the marketing and warranties associated with the Samsung Ranges and authorized its retailers to act as their agents for purposes of warranty claims.

66. Samsung provided written warranties on its Samsung Ranges, therefore the implied warranty of merchantability cannot be disclaimed.

67. Samsung impliedly warranted to Plaintiff and Class members, the Samsung Ranges were of merchantable quality (*i.e.* a product of a high enough quality to make it fit for sale, usable for the purpose it was made, of average worth in the marketplace, or not broken, unworkable, damaged, contaminated or flawed), would pass without objection in the trade or business, and were free from material defects and reasonably fit for the use for which they were intended. Samsung either knew or should have known of the purposes for which such Samsung Ranges are used (i.e. to safely cook food within the home), and Samsung should have been aware Plaintiff and the Class members were relying on Samsung's skill and judgment to furnish suitable goods for such purpose.

68. Under agreements between Samsung and its authorized agents and resellers, the stores from which Plaintiff and Class members purchased their Samsung Ranges were authorized Samsung retailers. Plaintiff and Class members are third-party beneficiaries of, and substantially benefited from, such contracts.

69. Samsung breached its implied warranties by selling Plaintiff and Class members defective Samsung Ranges. The defect renders the Samsung Ranges unfit for their ordinary use and purpose. Samsung has refused to recall, repair or replace, without charge, all Samsung ranges or their defective component parts or refund the prices paid for defective ranges.

70. Samsung was on notice of the defect from complaints and service requests Samsung admittedly received notice, from repairs and replacements of the Samsung Ranges at issue, through Samsung's own internal testing and investigations, and through governmental reporting.

71. Samsung and its authorized service facilities repeatedly refused to repair or replace the defective Samsung Ranges.

72. The defect in the Samsung Ranges existed when the Ranges left Samsung's and Samsung's authorized agents' and resellers' possession and renders the Ranges unfit for their intended use and purpose.

73. As a direct and proximate result of Samsung's breach of its implied warranties, Plaintiff and Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale for the difference between the value of the Samsung Ranges as warranted and the value of the Ranges as delivered. Plaintiff and Class members have incurred economic, incidental and consequential damages in the cost of repair or replacement and costs of complying with continued contractual obligations and the cost of buying an additional range they would not have purchased had the Samsung Ranges in question did not contain the non-repairable defect.

74. Plaintiff and Class members are entitled to legal and equitable relief against Samsung, including damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief.

**COUNT II**
**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*
(On Behalf of Plaintiff and the Rule 23 Class)**

75. Plaintiff incorporates the above allegations by reference as if fully set forth below.

76. Plaintiff asserts this count individually and for the proposed Class.

77.     The Samsung Ranges at issue are "consumer products" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(1).

78.     Plaintiff and Class members are "consumers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3).

79.     Defendants are a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Act, 15 U.S.C. §§ 2301(4)-(5).

80.     Defendants issued Plaintiff and Class members a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(6).

81.     Samsung warranted to Plaintiff and to Class members the Samsung Ranges were free from defect, were of merchantable quality, and fit for the ordinary and specific purposes for which the Ranges are used.

82.     Samsung has breached and refused to honor its warranties as the Samsung Ranges are defective and were not as impliedly warranted and failed to perform as reasonably expected.

83.     Plaintiff has asserted a valid breach of implied warranty claim as set out in Count I above.

84.     Samsung has breached and refused to honor its warranties. Due to the Defect, the Samsung Ranges were not as impliedly warranted, and failed to perform as reasonably expected.

85.     Defendants have been afforded a reasonable opportunity to cure its breach of warranty. Defendants have been provided ample notice of the Defect experienced by both Plaintiff and Class members but has failed to remedy the situation.

86.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered injury and damages in an amount to be determined. Plaintiff and the Class are entitled to

recover damages, consequential damages, specific performance, diminution in value, rescission, attorneys' fees and costs, and other relief as authorized by law.

### COUNT III
#### Violation of New Jersey Consumer Fraud Act
#### (On Behalf of the Nationwide Class)

87.     Plaintiff incorporates the above allegations by reference as if fully set forth below.

88.     Plaintiff asserts this count individually and for the proposed Class.

89.     The New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1, *et seq*.) states, in relevant part, the following:

> any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise. . . ." N.J.S.A. 56:8-2.

90.     Plaintiff and Class members are consumers who purchased Defendant's ranges for personal, family, or household use.

91.     The advertisement, promotion, distribution, supply, or sale of the ranges is a "sale or advertisement" of "merchandise" under the NJCFA.

92.     Before Plaintiff's and Class Members' purchase of the Ranges, Samsung violated the NJCFA by making (a) uniform representations that its Ranges were of a particular standard, quality, or grade when they were not and are not, and that they would perform as represented when they did not, as set forth above; and (b) false and/or misleading statements about the capacity and characteristics of the Ranges, as set forth above, that were unfair, deceptive, or otherwise fraudulent, had and continue to have the capacity to, and did, deceive the public and cause injury to Plaintiff and Class members.

93. Defendant, in its communications with and disclosures to Plaintiff and Class Members, intentionally concealed or otherwise failed to disclose that the Ranges included design Defects that pose a safety risk to consumers and render the Ranges fire risks.

94. Plaintiff and Class Members reasonably expected that the Ranges would allow for safe cooking, and not present a fire hazard, both before and at the time of purchase, and reasonably expected that Samsung did not design the Ranges to incorporate material Defects known to Samsung, and that the Ranges would perform as represented by Samsung in its promotional materials, service manuals, and owner's manuals. These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a Range. Moreover, Samsung intended for consumers, including Plaintiff and Class Members, to rely on its assurances regarding the Ranges' purported safety.

95. Samsung had exclusive knowledge that the Ranges had and have the Defects, which gave rise to a duty to disclose these facts. Samsung breached that duty by failing to disclose these material facts.

96. The injury to consumers by this conduct greatly outweighs any alleged countervailing benefits to consumers or competition under all circumstances. There is a strong public interest in consumer appliance safety, as well as in truthfully advertising and disclosing consumer appliance defects that pose a risk to property and life.

97. Had Plaintiff and Class Members known about the design Defects and accompanying safety risks, and/or that the Ranges did not operate as advertised, they would not have purchased the Ranges or would have paid less than they did for them. As a direct and

proximate result of Samsung's actions, Plaintiff and Class Members have suffered ascertainable loss and other damages.

98.     New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiff and the Nationwide Class Members under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution.

99.     The State of New Jersey has a significant contact or significant aggregation of contacts, to the claims asserted by each Plaintiff, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair. Samsung's headquarters and principal place of business are in Ridgefield Park, New Jersey. Samsung also owns property and conducts substantial business in New Jersey, and therefore New Jersey has an interest in regulating Samsung's conduct under New Jersey's laws. Samsung's decision to reside in New Jersey and avail itself of New Jersey's laws render the application of New Jersey law to the claims at hand constitutionally permissible.

100.     The application of New Jersey's laws to the proposed Nationwide Class members is also appropriate under New Jersey's choice of law rules because New Jersey has significant contacts to the claims of the Plaintiff and the proposed Nationwide Class members, and New Jersey has a greater interest in applying its laws here than any other interested State.

**COUNT IV**
**Unjust Enrichment**
**(On Behalf of the Nationwide Class)**

101.     Plaintiff incorporates the above allegations by reference as if fully set forth below.

102.     Plaintiff asserts this count individually and for the proposed Class.

103. Samsung received proceeds from its intentional sale of defective Ranges with defective control knobs, which were purchased by Plaintiff and Class Members for an amount far greater than the reasonable value of the defective Ranges.

104. In exchange for the purchase price paid by Plaintiff and Class Members, Samsung provided defective Ranges that are likely to pose a material risk of fire within their useful lives. This Defect renders the Ranges unfit, and indeed, unsafe for their intended use.

105. Plaintiff and Class Members reasonably believed that the Ranges would function as advertised and warranted, and did not know, nor could have known, that the Ranges contained Defects at the time of purchase.

106. Samsung received and is aware of the benefit conferred by Plaintiff and Class Members and has retained that benefit despite its knowledge that the benefit is unjust.

107. It would be unjust for Samsung to retain the proceeds. Accordingly, Plaintiff requests Samsung disgorge all profits from the defective ranges.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of a class of all others similarly situated, seeks a judgment against Defendants, as follows:

a. For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class representative and Plaintiffs' attorneys as Class Counsel;

b. For an order declaring that Defendants' conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

d.   For compensatory, statutory, and punitive damages, as applicable, in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded;

f.   For an order of restitution and all other forms of equitable monetary relief;

g.   For injunctive relief as pleaded or as the Court may deem proper; and

h.   For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees, expenses, and costs incurred in bringing this lawsuit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

SMITH EIBELER, LLC

Date: October 28, 2022          By:    */s/Robert W. Smith*
                                       ROBERT W. SMITH, ESQ.
                                       SMITH EIBELER, LLC

                                       Bryan L. Bleichner*
                                       Philip J. Krzeski*
                                       **CHESTNUT CAMBRONNE PA**
                                       100 Washington Avenue South, Suite 1700
                                       Minneapolis, MN 55401
                                       Phone: (612) 339-7300
                                       Fax: (612) 336-2940
                                       Email: bbleichner@chestnutcambronne.com
                                       Email: pkrzeski@chestnutcambronne.com

                                       * Pro hac vice application forthcoming

**VERIFICATION PURSUANT**

Plaintiff hereby certifies that the matter in controversy is the subject to, or at least related to, another action pending in the United States District for the District for the District of New Jersey, *Delahoy v. Samsung Electronics America, Inc.*, *et al.*, No. 2:22-cv-04132 (D.N.J.) and *Mason v. Samsung Electronics America, Inc.*, No. 5:22-cv-01244 (D.N.J.).


Date: October 28, 2022        By:     */s/Robert W. Smith*
                                               ROBERT W. SMITH, ESQ.
                                               SMITH EIBELER, LLC